UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Grand Band, Inc.,

        Plaintiff,

v.

Leonard D. Lome and Tightwad, L.L.C.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 04-161 ADM/AJB

_____

Alan E.J. Branigan, Esq., and Jeffrey R. Cohen, Esq., Millen, White, Zelano & Branigan, P.C., Arlington, VA, and Daniel C. Bryden, Esq., Kelly & Berens, Minneapolis, MN, argued for and on behalf of Plaintiff.

R. John Bartz, Esq., Bartz & Bartz, Edina, MN, argued for and on behalf of Defendants.
_____

## I. INTRODUCTION

On April 27, 2005, oral argument before the undersigned United States District Judge was heard on Plaintiff Grand Band, Inc.'s ("Grand Band" or "Plaintiff") Motion for Summary Judgment [Docket No. 22] and Defendants Leonard D. Lome ("Lome") and Tightwad, L.L.C.'s ("Tightwad") (collectively, "Defendants") Motion for Markman Hearing and Summary Judgment [Docket Nos. 32, 35]. Defendants have also filed a Motion to Strike [Docket No. 49]. In its Complaint [Docket No. 1], Grand Band alleges Defendants infringed Patent No. 6,230,878 (the "'878 Patent"). Plaintiff's Motion for Summary Judgment is granted and Defendants' Motion is denied. Defendants' Motion to Strike is also denied.

## II. BACKGROUND

The patented device at issue in this case is a simple invention claimed in the '878 Patent.

Bryden Aff. [Docket No. 25] Ex. A. The device is a personalized metal slide attached to a rubber band. Id. The device is used to bind together credit cards, currency, or other items commonly bound together by a money clip. Id. The accused device, manufactured by Defendants, appears close to if not identical to the patented device in that it also consists of a metal slide attached to a rubber band, and serves the same purpose of binding together credit cards or currency. Id. at Ex. D.

The application for the '878 Patent was initially filed on May 8, 2000. Id. at Ex. A. On January 26, 2001, a pre-examination amendment was filed, which included formal drawings and minor editorial changes. The United States Patent Office sent Plaintiff a Notice of Allowance on February 9, 2001, along with a citation of Prior Art. Plaintiff alleges that Defendants' product infringes on the elements contained within Claims 1 and 2 of the '878 Patent.

In terms of the products themselves, there is no dispute that the products are essentially the same. The only distinguishing characteristic between the two products, offered by the parties at the hearing, are slightly different dimensions to the rubber band and metal slide. In all other respects, the products are indistinguishable. In fact, advertisements for the products demonstrate how similar they are. Id. at Ex. D; Grand Band advertisement (Hearing Exhibit).

### III. DISCUSSION

**A.     Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.      Patent Infringement**

Patent infringement involves a two step analysis: "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." Carroll Touch, Inc. v. Electro Mech. Sys., Inc., 15 F.3d 1573, 1576 (Fed. Cir. 1993). As a general principle, claim terms are given their ordinary and accustomed meaning, unless examination of the specification, prosecution history, and other claims indicates the inventor intended a different meaning. Id. at 1577. The second step of the process is a question of fact; however, if the structure of the accused device is undisputed, summary judgment is appropriate even if disagreement over the meaning of claims exists. See, e.g., id. at 1578.

Direct patent infringement is defined as the unauthorized making, using, offering to sell, selling or importing into the United States of a patent invention. 35 U.S.C. § 271(a). If any claim of a patent is infringed, the patent itself is infringed. Pall Corp. v. Micron Separations, Inc., 66 F.3d 1211, 1220 (Fed. Cir. 1995). Patents can also be infringed by contribution, defined as one who "actively induces infringement of a patent shall be liable for infringement."         35 U.S.C. § 271(a). Finally, patents can be infringed by inducement. See 35 U.S.C. § 271(c). Under infringement by inducement, "proof

3

of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement." Hewlett-Packard Co. v. Bausch & Lomb Inc., 909 F.2d 1464, 1469 (Fed. Cir. 1990). However, direct infringement must exist before contributory or induced infringement can occur. Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 774 (Fed. Cir. 1993).

**C.      Plaintiff's Summary Judgment Motion**

**1.      Claim Construction**

Plaintiff has moved for summary judgment on its claim of patent infringement. The first step in a patent infringement action is to properly construe the claim to determine its scope and meaning. Carroll Touch, 15 F.3d at 1576. In construing asserted claims, "[t]he general rule is that terms in the claims are to be given their ordinary and accustomed meaning . . . ." Johnson Worldwide Associates, Inc. v. Zebco Corp., 175 F.3d 985, 989 (Fed. Cir. 1999). Generally, both Claims 1 and 2 of the '878 Patent describe an assemblage of credit cards and currency. The product itself is simply a rubber band fitted with a metal band which secures the credit cards and currency, serving essentially the same purpose as a money clip.

The point of contention between the parties in regard to construction of the '878 Patent is the definition of the word "widthwise." In both Claims 1 and 2, the rubber band is described as "a sized rubber band in encircling relation widthwise of said assemblage." Bryden Aff. Exs. A, C. Defendants offer the following definition of "width": "the measurement of the extent of something from side to side." See Lome Aff. [Docket No. 19] Ex. 5 (American Heritage Dictionary); see also Bryden Aff. Ex. H (same definition in Webster's New Riverside University Dictionary); Bryden Aff. Ex. I (same definition Webster's New College Dictionary). Defendants seize on the word "widthwise" to argue its product

does not infringe on the '878 Patent, claiming its product does not fit widthwise over the assemblage; but rather fits "lengthwise" over the assemblage. The parties dispute, however, which measurement of a credit card constitutes its width as opposed to its length. While Defendants contend the width of a credit card is the shorter of the two measurements, Plaintiff states the width can refer to either measurement of a credit card, and further contends that when referring to a credit card, "width" generally refers to the measurement from side to side.

The Court determines the term "widthwise," given its common meaning, can refer to either dimension of a credit card. "Width," as commonly defined, measures a distance from side to side – however, determining which measurement on a three dimensional object is "side to side" as opposed to "top to bottom" is a matter of perspective. Indeed, Defendant Lome repeatedly referred to the longest dimension of a credit card as its "width" in his own deposition, despite arguments in his briefs to the contrary. Lome Deposition (Hearing Exhibit). While not in and of itself dispositive of the issue, Lome's testimony indicates that in this context, "width" should be interpreted broadly.

**2.     Infringement**

In the second step of patent infringement analysis, "the claim as properly construed must be compared to the accused device or process." Carroll Touch, 15 F.3d at 1576. In this instance, the undisputed facts demonstrate Defendants directly infringed upon the '878 Patent. As previously noted, the products of Plaintiff and Defendants are virtually identical; therefore, the only issue for decision is the construction of the '878 Patent. Id. at 1578. Because Defendants' tortured definition of "width" can not withstand scrutiny, there is no debate that Defendants' product infringes the '878 Patent.

Even if Defendants' narrow definition of "width" were adopted, the doctrine of equivalents

5

dictates a finding of infringement. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd., 344 F.3d 1359 (Fed. Cir. 2003). "[T]he doctrine of equivalents balances the purpose of fairness to inventors lest the patent be unjustly circumvented, against the purpose of patent claims to state clear boundaries of the patent grant, in fair notice of its scope." Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1480 (Fed. Cir. 1998). Here, a finding that Defendants did not infringe Plaintiff's patent would be manifestly unfair to Plaintiff. This would far outweigh the goal of stating patent claims with clear boundaries. Thus, the doctrine of equivalents mandates a finding of infringement.

**D.     Defendants' Motion for Summary Judgment**

Defendants have filed a cross motion for summary judgment on Plaintiff's infringement claim. In addition to disputing the claim of infringement, Defendants argue a number of other factors preclude summary judgment in favor of Plaintiff.

First, Defendant Lome argues he can not be found liable for infringement, as the allegations in Plaintiff's Complaint relate only to Defendant Tightwad. In support of this argument, Defendant Lome simply alleges he does not make, offer, or sell the infringing product; he does not urge or induce persons to buy the infringing product; and all advertising, sales, and accounting are conducted by Defendant Tightwad. Beyond his bare allegations, however, Defendant Lome has proffered no evidence to contradict Plaintiff's theory that he and Defendant Tightwad are one and the same. Mere allegations are not sufficient to defeat summary judgment. Winthrop Resources Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 469 n.10 (8th Cir. 2004). However, Plaintiff has also failed to proffer evidence of what Defendant Lome's relationship to Defendant Tightwad is. Consequently, a fact dispute remains as to Defendant Lome, and judgment can not be entered on this claim against Lome in

his individual capacity.

Second, Defendants claim its product is a "staple article of commerce," and therefore, Defendants are not liable for infringement. 35 U.S.C. § 271(c). Defendants rest their argument on the fact that the rubber band employed in its product is nothing more than a standard rubber band found in most every desk drawer. Plaintiff concedes this point, but argues Defendants' product is not composed merely of a rubber band; but rather, a rubber band used in conjunction with Plaintiff's claimed metal slide. Plaintiff also disputes Defendants' contention that Defendants' product has a substantial non-infringing use, noting that Defendants have failed to produce any evidence that its product is used for other purposes other than as a money clip. Id.

Defendants' argument that its product is a staple article of commerce is unavailing. The uniqueness of Plaintiff's product does not lie in the use of the rubber band alone – rather, it is the combination of the rubber band with the metal slide that clearly changes its character from that of a simple rubber band. Moreover, Defendants have not shown by way of evidence any indication that there is a substantial noninfringing use of its product. Consequently, Defendants' arguments can not save it from summary judgment.

Next, Defendants argue its method of "necking down" their rubber band is not claimed in the '878 Patent. Indeed, no such method is claimed in the '878 Patent. However, as Plaintiff accurately notes, the '878 Patent does not claim a method; rather, it claims a device. In any event, because one who improves on the basic patent of another without permission infringes the basic patent, Defendants' argument does not preclude infringement. Temco Elec. Motor v. Apco Mfg. Co., 275 U.S. 319, 328 (1928).

Defendants further contend the '878 Patent can not be patented over U.S. Patent Nos. 5,279,019 (the "'019 Patent") and 5,367,752 (the "'752 Patent"). As a threshold matter, the '878 Patent has a legal presumption of validity. 35 U.S.C. § 282. In any event, to prove the invalidity of a patent, a party must offer clear and convincing evidence of invalidity. Defendants have failed to do so. First, the '019 Patent was actually cited by the Patent Examiner during prosecution. Chicago Rawhide Mfg. Co. v. Crane Packing Co., 523 F.2d 452, 458 (7th Cir. 1975) ("A demonstration that the art considered by the Patent Office is the same as the art considered by the court strengthens the presumption in the sense that it provides the justification for the requirement that invalidity be established by clear and convincing evidence, but such a demonstration is not also a bootstrap that lifts the presumption to a still higher level"). The '019 Patent describes an elastic strap with a metal plate that is crimped on the strap, and is therefore not slidable. The '878 Patent, however, requires a slidable plate, and is therefore distinguishable from the '019 Patent. The '752 Patent is also dissimilar from the '878 Patent, describing a non-stretchable ribbon, as well as an elastic member encased in a sheath attached to the ribbon. Thus, Defendants fail to present clear and convincing evidence that either the '019 Patent or the '752 Patent invalidates the '878 Patent.

The Defendants also make an "unclean hands" argument, claiming Plaintiff's imprinting of Trademark Registration No. 2,455,038 on its products, as opposed to the actual patent number, constitutes "unclean hands." To demonstrate unclean hands, Defendants must show, by clear and convincing evidence, that the charged actions were material. Additionally, intent to mislead must be shown. J.P. Stevens & Co., Inc. v. Lex Tex Ltd., Inc., 747 F.2d 1553, 1560 (Fed. Cir. 1984). The undisputed facts reveal that for a short time beginning in August 2001, Plaintiff inadvertently printed a

trademark registration number on its product instead of the actual patent number.  Plaintiff's use of the trademark registration number instead of the patent number, however, does not rise to the level of unclean hands.  Plaintiff has offered evidence that its use of the trademark registration number was inadvertent, and, once discovered, was immediately corrected.  Bryden Aff. II [Docket No. 45] Ex. B.  Furthermore, Plaintiff notified Defendants in November 2001 that they were infringing the '878 Patent.  Id. at Ex. A.  Despite this notice, Defendants did not cease infringing the patent.  Therefore, Defendants have failed to demonstrate materiality, much less an intent to mislead, by clear and convincing evidence.  Accordingly, Defendants' unclean hands argument fails.

Finally, Defendants present the argument that the '878 Patent is invalid because of an alleged prior use more than a year prior to the filing date of the '878 Patent.  Defendants base this argument on the premise that Plaintiff's prior use of the trademark "Grand Band," as opposed to prior use of the actual device described by the '878 Patent, invalidates the '878 Patent.  No evidence has been presented to suggest the device claimed in the '878 Patent was used more than a year prior to the filing date of the patent.  Additionally, Defendants fail to cite any legal authority to support the contention that use of a trademark constitutes prior use of a patent later issued.  Therefore, Defendants' contention fails.

**E.     Defendants' Motion to Strike**

In addition to its Motion for Summary Judgment, Defendants have filed a Motion to Strike Plaintiff's Detailed Comparative Analysis and Supplemental Memorandum in Support of its Summary Judgment Motion.  Defendants contend Plaintiff's briefs contain extrinsic evidence, such as advertisements, which are not necessary for the Court to determine the claim construction.  This Order,

9

however, does not rest its conclusion that Defendants infringed Plaintiff's '878 Patent on extrinsic evidence. Although extrinsic evidence is occasionally noted for clarity's sake, the '878 Patent claims are interpreted without assistance from the extrinsic evidence. Further, Plaintiff's Motion for Summary Judgment was combined with a Markman hearing. No authority is cited by Defendants for the proposition that deposition testimony and other evidence, including the extrinsic evidence of concern to Defendants, is improper when a Markman hearing is combined with a summary judgment motion. Furthermore, Federal Rule of Civil Procedure 56 provides for the use of affidavits. Therefore, Defendants' Motion to Strike will be denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Grand Band, Inc.'s Motion for Summary Judgment [Docket No. 22] is **GRANTED** as to Defendant Tightwad, L.L.C. and **DENIED** as to Defendant Leonard D. Lome;

2. Defendants Leonard D. Lome and Tightwad, L.L.C.'s Motion for Markman Hearing and Summary Judgment [Docket Nos. 32, 35] is **DENIED**; and

3. Defendants Leonard D. Lome and Tightwad, L.L.C.'s Motion to Strike [Docket No. 49] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 1, 2005.